**WINDSURFING INTERNATIONAL, INC., Plaintiff,**

**and**

**James R. Drake, Intervenor-Plaintiff,**

**v.**

**Fred OSTERMANN GmbH, et al., Defendants.**

**AMF INCORPORATED, Plaintiff,**

**v.**

**WINDSURFING INTERNATIONAL, INC., Defendant,**

**and**

**James R. Drake, Intervenor-Defendant.**

**BIC LEISURE PRODUCTS, INC. and Windglider Fred Ostermann, GmbH, Plaintiffs,**

**v.**

**WINDSURFING INTERNATIONAL, INC., Defendant,**

**and**

**James R. Drake, Intervenor-Defendant.**

**James R. DRAKE, Cross-Claimant,**

**v.**

**WINDSURFING INTERNATIONAL, INC., Cross-Defendant.**

Nos. 81 Civ. 254 (MEL), 83 Civ. 1691 (MEL) and 83 Civ. 3774 (MEL).

United States District Court, S.D. New York.

March 11, 1987.

David A. Anderson, David H. Badger, Michael H. Baniak, Willian Brinks Olds Hofer Gilson & Lione, Ltd., Chicago, Ill. for AMF, Inc.; (Michael C. Elmer, Finnegan, Henderson, Farabow, Garret & Dunner, Washington, D.C., of counsel).

Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., for Windsurfing International, Inc.; (Harold E. Wurst, of counsel).

LASKER, District Judge.

AMF Incorporated ("AMF") moves for summary judgment on the issue of its immunity under the doctrine of intervening rights from damages for the sale of those sailboards which were in its inventory or on order on the date of Windsurfing International, Inc.'s ("WSI") reissue patent, March 8, 1983.[1] In opposition, WSI argues that the Federal Circuit has previously determined that AMF abandoned its intervening rights defense by its failure to raise the defense at trial. The motion for partial summary judgment is granted.

This action has been bifurcated with respect to the issues of liability and damages. After trial as to liability, AMF's sailboards were found to infringe upon the claims of WSI's reissue patent, and AMF was accordingly permanently enjoined. *See Windsurfing International, Inc. v. Ostermann,* 613 F.Supp. 933 (S.D.N.Y.1985), *aff'd in part and rev'd in part,* 782 F.2d 995 (Fed. Cir.1986). On appeal, AMF argued, *inter alia,* that the injunction against it was improper because the district court had ignored AMF's intervening rights defense. The Federal Circuit rejected this argument, holding that AMF had abandoned its intervening rights defense because:

> Intervening rights ... is "an affirmative defense ... that must be raised at trial." That AMF pleaded the defense is insufficient. That it failed to make any attempt

---

1. AMF also seeks summary judgment on two other damage issues: first, that there is no basis for a punitive award of multiple damages against AMF, because AMF's infringement of WSI's reissue patent was not willful or in bad faith; and second, that, for the same reasons, there is no basis for an award of attorney's fees to WSI. Decision on these issues is deferred pending further discovery by WSI.

to prove the defense at trial is in this case fatal. AMF cannot be held to have resuscitated the defense by the mere submission. of affidavits at a post-trial hearing ... Accordingly, no abuse of discretion having been shown, we affirm the district court's grant of injunctive relief against AMF....

*Windsurfing International Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 (Fed.Cir.1986) (citations omitted).

However, the Federal Circuit's ruling does not bar granting relief in the present motion, because AMF now raises a different intervening rights issue from the one argued on appeal in the liability ·phase of the case.

■ The intervening rights doctrine is set forth in the second paragraph of 35 U.S.C. § 252 (1982):

No reissued patent shall abridge or affect the right of any person or his successors in business who made, purchased or used prior to the grant of a reissue anything patented by the reissued patent, to continue the use of, or to sell to others to be used or sold, the specific thing so made, purchased or used, unless the making, using or selling of such things infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use or sale of the thing made, purchased or used as specified, or for the manufacture, use or sale of which substantial preparation was made before the grant of the reissue, and it may also provide for the continued practice of any process patented by the reissue, practiced, or for the practice of which substantial preparation was made, prior to the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

The doctrine consists of two distinct defenses: "absolute" intervening rights and "equitable" intervening rights. The "absolute" intervening rights defense, set forth in the first sentence quoted above, absolutely protects the right of an infringer of a reissued patent to use or sell specific things which were actually made, purchased or used before the grant of the reissue patent. The "equitable" intervening rights defense, set forth in the second sentence quoted above, provides for the *continued* manufacture, use or sale of the items in question, if the court deems such continued activity to be equitable. *See Wayne-Gossard Corp. v. Moretz Hosiery Mills*, 539 F.2d 986, 989–90 (4th Cir.1976); *Johnston v. Textron, Inc.*, 579 F.Supp. 783, 794 (D.R.I.), *aff'd mem.*, 758 F.2d 666 (Fed. Cir.1984); 4 E. Lipscomb, Lipscomb's Walker on Patents § 14.31 at 470–71 (3d ed. 1986).

■ The intervening rights defense which AMF argued to the Federal Circuit was an "equitable" defense by which AMF sought the right to continue to manufacture sailboards. The claim which AMF presents on the current motion for summary judgment, on the other hand, is that of its "absolute" intervening rights: its right to protection against liability for the sale of those boards manufactured prior to the reissue patent. AMF properly waited to assert this defense until the damage phase of this bifurcated action, because the effect of the defense, if established, will be to reduce the amount of damages which AMF must pay.

In sum, the Federal Circuit's rejection of AMF's "equitable" intervening rights defense does not bar the present consideration of its "absolute" intervening rights.

■ AMF's "absolute" intervening rights must be recognized "unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent," 35 U.S.C. § 252. It is undisputed that none of the claims in WSI's reissue patent were in its original patent. *See Windsurfing International Inc. v. Ostermann*, 613 F.Supp. at 944. Accordingly, AMF had a right to sell those sailboards which were in its inventory or on order on March 8, 1983, and is immune from damages for those sales. AMF's motion for summary judgment on

the issue of absolute intervening rights is granted.

It is so ordered.